UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

BRYANT PERALTE, an infant by his m/n/g RAMONA
GARCIA & RAMONA GARCIA individually,

                                                            Plaintiffs,        07 CV 6148 (RJH)

                    -against-

THE CITY OF NEW YORK, POLICE OFFICERS JOHN
ROE 1-10,
                                                            Defendants.

------------------------------------------------------------------------ x

### CITY OF NEW YORK'S MEMORANDUM OF LAW
### IN SUPPORT OF ITS MOTION FOR DISMISSAL PURSUANT TO RULE 12(C) AND
### FOR SUMMARY JUDGMENT PURSUANT TO RULE 56

### PRELIMINARY STATEMENT

      Plaintiffs Bryan Peralte and Ramona Peralte ("plaintiffs") bring this action against the City of New York (the "City") and unidentified NYPD officers alleging multiple causes of actions under 42 U.S.C. § 1983 and state law. The incident giving rise to plaintiffs complaint allegedly occurred on December 28, 2006 when certain unidentified police officers (denoted as John Roe defendants 1-10) unlawfully detained, searched, arrested and subjected plaintiffs to excessive force during the course of conducting a warrantless search of plaintiffs' home. After being served with process, the City investigated the claims of plaintiffs and determined that there is no documentation of the incident or any evidence that it even occurred. The City informed plaintiffs' counsel and the Court of its negative findings at the initial conference. At a status conference held following the close of discovery, plaintiffs indicated that they wanted to go forward in prosecuting their suit against the only named defendant, the City. The Court granted leave to the City to move for summary judgment dismissing all claims against it.

The City submits this memorandum of law in support of its motion for dismissal pursuant to Fed.R.Civ.P. 12(c), and for summary judgment pursuant to Fed.R.Civ.P. 56(c). The City will demonstrate that the only viable federal claim contained in the complaint is plaintiffs' claim purporting to allege Monell[1] liability against the City. The City will demonstrate that plaintiffs have failed to properly plead this claim in their complaint requiring that it be dismissed as a matter of law. Alternatively, the City will demonstrate that summary judgment should be granted to the City on this claim as plaintiffs cannot prove that the City has a policy or practice which caused the violations complained of by plaintiffs as required under Monell.

## STATEMENT OF FACTS

The City respectfully refer the Court to Defendants' Local Rule 56.1 Statement of Undisputed Facts ("Defs.' 56.1 Statement"), dated May 9, 2008, which is submitted herewith in support of its motion for summary judgment dismissing all claims. In essence, there is no documentation that the incident ever occurred and therefore the City denies plaintiffs' allegation as to what transpired on the day of the alleged incident. In any event, as it will be demonstrated below, even should the Court accept plaintiffs' version, summary judgment must still be granted to the City as it is a municipal defendant and under the principles of Monell, liability can only attach against a municipality when it proved that the municipality had a policy or practice which caused a violation of plaintiffs' civil rights.

## ARGUMENT

### Rule 56(c) Summary Judgment Standard

Summary judgment is designed to expedite civil cases by eliminating from the trial calendar those claims that can properly be resolved as a matter of law. Under Rule 56(c),

---

[1] Monell v. Dep't of Soc. Serv., 436 U.S. 658, 694, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978)

summary judgment is warranted when, viewing the evidence in a light most favorable to the non-movant, the Court determines that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law.  See Fed.R.Civ.P. 56; Eastman Kodak Co. v. Image Tech. Servs., Inc., 504 U.S. 451, 457 (1992).  A motion for summary judgment made after an adequate time for discovery requires the party with the burden of proof at trial to come forward with proper evidence and "make a showing sufficient to establish the existence of [each] element of the nonmoving party's case...since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is 'no genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).   The non-moving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993).

### Rule 12(c) Motion to Dismiss Standard

In deciding a Rule 12(c) motion, the same standard as that applicable to a motion under Rule 12(b)(6) is applied.  Desiano v. Warner-Lambert & Co., 467 F.3d 85,89 (2d Cir. 2006). A motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted only when a plaintiff pleads sufficient facts "to state a claim for relief that is plausible on its face." In Bell Atlantic Corp. v. Twombly, U.S., 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).  A "formulaic recitation of the

elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic, 127 S.Ct. at 1959. Accordingly, the applicable standard on a motion to dismiss pursuant to Rule 12(b)(6) requires, at least, allegations "plausibly suggesting (not merely consistent with)," liability. Williams v. Berkshire Financial Group, Inc., 491 F.Supp.2d 320, 324 (E.D.N.Y. 2007). Here, the Court should grant summary judgment in favor of defendants because plaintiff has not and cannot proffer any admissible evidence that would allow the fact finder to properly proceed to a verdict in his favor and summary judgment should be granted as a matter of law.

## POINT I.

### THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(C) BECAUSE PLAINTIFF HAS NOT PROPERLY PLED A CLAIM FOR MUNICIPAL LIABILITY AGAINST THE CITY

A municipal entity may not be held liable under 42 U.S.C. § 1983 unless it is proven that the offending conduct was undertaken pursuant to a policy or custom of the municipal entity. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 694, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978). Accordingly, in order to properly plead a claim for municipal liability, "the plaintiff must allege (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to 'deliberate indifference' to the rights of those who come in contact with the municipal employees." DeJean v. County of Nassau, 2008 U.S. Dist. LEXIS 4291, 12-

15 (E.D.N.Y. Jan. 8, 2008) *citing* Moray v. City of Yonkers, 924 F.Supp. 8, 12 (S.D.N.Y. 1996); Davis v. Lynbrook Police Dep't, 224 F.Supp.2d 463, 478 (E.D.N.Y. 2002).  Failure to plead any of the foregoing elements is fatal to a plaintiff's Monell claim.  See e.g. Moray, 924 F.Supp. at 12 (dismissing plaintiff's amended complaint under Rule 12 (c) based on his failure to, among other things, allege the existence on an officially endorsed policy; allege that the policy is either widespread or persistent and allege that policy-making officials had constructive knowledge of any "practice" of misconduct."); DeJean, 2008 U.S. Dist. LEXIS 4291 (same).

Here, though plaintiffs name the City as a defendant, they have not specified allegations concerning the City's culpability in this matter.   The only hint of a Monell claim is found in plaintiffs' tenth cause of action, which alleges that "the injuries & damages as aforesaid were the result of the customs & practices of the defendant the CITY OF NEW YORK, its agents, servants & employees."   See Compl. ¶ 45.  However, as noted above, this conclusory allegation is deficient in that it fails to allege any of the four elements set forth in Moray *supra*.  For example, plaintiffs do not identify the errant policy that led to their alleged civil rights violations; they have not alleged whether the policy is wide spread or persistent; whether it was an officially sanctioned policy or "whether policymakers failed to properly train or supervise their subordinates, amounting to 'deliberate indifference' to the rights of those who come in contact with the municipal employees."  Id.   Neither could these Monell elements be gleaned from a fair reading of the complaint.  The complaint is bereft of any facts concerning the incident alleging in conclusory form that plaintiffs were unlawfully "approached, accosted, detained & arrested by the aforementioned officers of the [NYPD]…."  Compl. ¶ 11.  As recently stated by the Supreme Court,  a "formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic, 127 S.Ct. at 1959; see also DeJean, 2008 U.S. Dist. LEXIS 4291 (citing Bell Atlantic in Rule 12(c) motion to dismiss Monell claims).

Based on the foregoing, plaintiffs federal claims against the City should be dismissed under Rule 12 (c) for failure to state a claim.

## POINT II

### THERE IS NO EVIDENCE, IN ANY EVENT, TO SUPPORT PLAINTIFFS' CLAIM OF MUNICIPAL LIABILITY

Even if the Court were to find that plaintiffs' complaint properly states a Monell claim against the City, it should nonetheless grant summary judgment in the City's favor as plaintiffs have not done any discovery on this issue and cannot possibly come forward with facts to satisfy their high burden in establishing this claim.

In order to hold a municipality liable as a "person" within the meaning of 42 U.S.C. § 1983, plaintiff must establish that the municipality itself was somehow at fault. Oklahoma City v. Tuttle, 471 U.S. 808, 810 (1985); Monell, 436 U.S. 690-91.  To do this, the Second Circuit has held that "plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries . . . Second, the plaintiff must establish a casual connection - - an "affirmative link: - - between the policy and deprivation of his constitutional rights." Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985), cert. denied, 480 U.S. 916 (1987), citing Tuttle, 471 U.S. at 824 n.8.  Therefore, in order to establish municipal liability, plaintiff must establish that an identified municipal policy or practice was the "moving force [behind] the constitutional violation." Monell, 436 U.S. at 694. If a plaintiff satisfies this burden, he or she must also establish an affirmative link between this "policy" and his constitutional deprivation. Vippolis, 768 F.2d at 44.

To prove the existence of a policy or custom, plaintiff must establish the following: (1) identify a formal policy, officially promulgated or adopted by a municipality, Monell, 436 U.S. at 690; (2) that an official or officials responsible for establishing final policy with respect to the subject matter in question took action or made a specific decision which caused the alleged violation of plaintiff's constitutional rights, Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986)(plurality opinion); (3) the existence of an unlawful practice by subordinate officials so permanent and well settled to constitute "custom or usage," and proof that this practice was so manifest or widespread as to imply the constructive acquiescence of policymaking officials, City of St. Louis v. Praprotnik, 485 U.S. 112, 127-30 (1985) (plurality opinion); Sorlucco v. New York City Police Department, 971 F.2d 864, 871 (2d Cir. 1992); or, if liability is based on a claim of failure to train or supervise, that (4) "the failure to train amounts to deliberate indifference to the rights of those with whom municipal employees will come in contact." City of Canton v. Harris, 489 U.S. 378, 38 (1989); Walker v. City of New York, 974 F.2d 293, 297-98 (2d Cir. 1992). If plaintiff is unable to establish one of the above, municipal liability will not attach.

Plaintiff's ability to prove the existence of a policy or custom is not enough. Plaintiff must also show a "direct casual link between municipal policy or custom and the alleged deprivations." City of Canton, 489 U.S. at 385. Therefore, a plaintiff asserting a § 1983 violation against a municipality is required to establish that he or she was deprived of a federally guaranteed right as a result of an established municipal custom or policy. Moreover, plaintiff must demonstrate that the municipality made a deliberate choice, implemented through this "policy" or "custom" which acted as "the moving force [behind] the constitutional violation." Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993); Bryant v. Maffucci, 923 F.2d

979, 986 (2d Cir. 1991), cert. denied, 502 U.S. 849 (1991); Polk v. County v. Dodson, 454 U.S. 312, 326 (1981); Monell, 436 U.S. at 694.  Hence, establishing a municipal "policy" or "custom," alone, will not suffice.  Monell liability will not attach unless this "policy" or custom" was also the basis of plaintiff's constitutional deprivation.

In this case, as noted in the preceding section, it is unclear on what particular theory of liability plaintiff seeks to hold the City of New York liable.  Regardless, there is no evidence of any municipal custom, policy or practice which could have been the moving force for plaintiff's alleged injuries.  Nor can plaintiff come forward with the required evidence because he conducted no discovery in this case.  Plaintiff took no depositions and requested no documents from defendants.  Thus, even accepting that events on transpired exactly as plaintiff claims in his complaint, his federal claims against the City of New York must fail because a single incident of unconstitutional activity, by itself, is insufficient to prove federal municipal liability.  See, e.g., Llerando-Phipps v. City of New York, 390 F. Supp. 2d 372, 382-82 (S.D.N.Y. 2005) citing Tuttle, 471 U.S. 808.

Accordingly, there is no basis on which to hold the City of New York liable and the City is entitled to summary judgment on any federal claim plaintiff alleges.

## POINT III

### PLAINTIFFS CLAIMS AGAINST THE "JOHN ROE" DEFENDANTS SHOULD BE DISMISSED

It is well established that §1983 imposes liability only upon a defendant who personally "subjects, or causes to be subjected" any person to the deprivation of any federal right.  Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986).  Accordingly, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983. " Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986) (quoting McKinnon v. Patterson, 568 F.2d

930, 934 (2d Cir. 1977), cert. denied, 434 U.S. 1087 (1978)); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). Absent any personal involvement, an individually named defendant cannot be held liable for plaintiff's alleged civil rights' violations. Williams, 781 F.2d at 323- 24; Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986).

Here, plaintiffs have failed to establish that any state actors have violated their rights inasmuch as they have failed to identify them. Though plaintiffs have named "John Roe 1-10 as defendants, they have failed to identify the John Roe defendants during the course of discovery, nor have they sought an extension of discovery to pursue this end. Accordingly, the complaint against the Roe defendants should be dismissed. See e.g. Thornton v. United States DOJ, 93 F. Supp. 2d 1057, 1064 (D. Minn. 2000) (proper course of action is to dismiss claims against John Doe defendants after plaintiff has failed to identify them following close of discovery). [2]

## POINT IV

### THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS

Plaintiffs' remaining causes of action seek to assess liability against the City under state law. Should the Court grant the City summary judgment on the federal claims it should decline to exercise jurisdiction over these state law claims pursuant to 28 U.S.C. §1367(c)(3). See Pitchell v. Callan, 13 F.3d 545, 549 (2d Cir. 1994) ("it is axiomatic that a court should decline to exercise jurisdiction over state-law claims when it dismisses the federal claims"); Bernstein v. Misk, 948 F. Supp. 228, 243 (E.D.N.Y. 1997) (establishing that state claims should be dismissed when federal claims are dismissed before trial pursuant to a summary judgment motion). As set

---

[2] To the extent plaintiffs seek to pursue § 1983 claims against the City for acts committed by the John Roe defendants, such claims must also be dismissed as a municipality cannot be held vicariously liable for the acts of its employees. See e.g. Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 122 (2d Cir. 1991) ("A municipality and its supervisory officials may not be held liable in a § 1983 action for the conduct of a lower-echelon employee solely on the basis of respondeat superior.")

forth above, plaintiffs have failed to set forth any cognizable federal claims against the City. Accordingly, the Court should grant defendants motion to dismiss for lack of subject matter jurisdiction.

## **CONCLUSION**

For the foregoing reasons, the City respectfully request that the Court grant their motion to dismiss the complaint pursuant to Rule 12(c) or for summary judgment dismissing all of plaintiffs' claims, together with such costs, fees and further relief as the Court deems just and proper.

Dated:   New York, New York
         May 9, 2008

>                   MICHAEL A. CARDOZO
>                   Corporation Counsel of the
>                    City of New York
>                   Attorney for Defendants
>                   100 Church Street, Room, 3-159
>                   New York, New York 10007
>                   (212) 788-8698
>
>                   By: _____
>                       Steve Stavridis