# EXHIBIT A

AO 440 (Rev. 8/01) Summons in a Civil Action

2007 - 021130

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

BRYANT PERALTE, by his m/n/g
RAMONA GARCIA & RAMONA GARCIA, ind.

V.

THE CITY OF NEW YORK & POLICE OFFICER
JOHN DOE 1-10

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

**07 CV       6148**

TO: (Name and address of Defendant)

THE CITY OF NEW YORK 100 Church Street, NY, NY 10007

POLICE OFFICER JOHN DOE 1-10 1 Police Plaza, NY, NY 10007

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MICHAEL COLIHAN 44 Court Street Suite 911 Brooklyn, NY 11201
(7180 488-7788

an answer to the complaint which is served on you with this summons, within _____ twenty _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

JUN 2 9 2007

CLERK

(By) DEPUTY CLERK

DATE

**07 CV 6148**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

BRYANT PERALTE, an infant
by his m/n/g RAMONA GARCIA & RAMONA GARCIA,
individually

RECEIVED
JUN 29 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff

-against-

THE CITY OF NEW YORK,
POLICE OFFICERS JOHN ROE 1-10

COMPLAINT
PLAINTIFFS DEMAND
TRIAL BY JURY

Defendants
-----------------------------------------------------------------------X

AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF
BRYANT PERALTE

1. This is a civil action for damages brought pursuant to redress the deprivation by defendants of the rights secured to plaintiff under the Constitution and laws of the United States and State of New York. The defendants, upon information & belief, without a warrant and without probable cause, unlawfully entered the home of, assaulted, arrested and falsely imprisoned the plaintiffs.

2. That the jurisdiction of this Court is invoked under the provisions of Section 1331 & 1383 of Title 28 and Sections 1983 & 1988 of Title 42 of the United States Code . Plaintiff further invokes the pendant jurisdiction of this Court to consider claims arising under state law. The amount in controversy exceeds $75,000.00 excluding costs and attorney's fees.

3. That at all times hereinafter mentioned, the plaintiff RAMONA GARCIA was and still is a resident of the City & State of New York.

4. That at all times hereinafter mentioned, the plaintiff RAMONA GARCIA was and still is the mother & natural guardian of the plaintiff BRYANT PERALTE.

5. Upon information and belief the defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under the laws of the City and State of New York.

6. That the defendants POLICE OFFICER JOHN DOE were & are agents, servants and employees of the defendant THE CITY OF NEW YORK.

7. That the plaintiff did on or about the fourth day of January, 2007 serve upon the defendant THE CITY OF NEW YORK a Notice of Claim which conformed to the requirements of Section 50 (e) of the General Municipal Law.

8. That more than thirty days have elapsed since the service of said Notice of Claim upon the defendant and the defendant has refused to compromise this action.

9. That more than ninety days have elapsed since the service of said Notice of Claim and the plaintiff has otherwise complied with all the conditions precedent to the commencement of this action.

10. That on or about the 28th day of December, 2006 the plaintiff BRYANT PERALTE was present at & near his home at 55-15 99th Street, Corona, County of Queens, City & State of New York.

11. That while at the aforesaid time and place the plaintiff was unlawfully and without just cause, approached, accosted, detained & arrested by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions.

12. That by reason of the foregoing the plaintiff suffered serious and severe psychological injuries some of which, upon information & belief are permanent in nature.

13. That by reason of the foregoing the plaintiff has suffered damage & injury in the sum of ONE MILLION DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF BRYANT PERALTE

14. Plaintiff repeats, realleges and reiterates each and every allegation of the complaint in the paragraphs numbered "1" through "13" with the same force and effect as if more fully set forth at length herein.

15. That after the aforementioned accosting and assault of the plaintiff by the defendants, the plaintiff was falsely arrested & detained by the aforementioned officers of the CITY OF NEW YORK, including but not limited to the individually named officers, who were agents, servants & employees of the defendant THE CITY OF NEW YORK, for a period of approximately two hours.

16. That by reason of the foregoing the plaintiff has suffered damage & injury in the sum of ONE MILLION DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF BRYANT PERALTE

17. Plaintiff repeats, realleges and reiterates each and every allegation of the complaint in the paragraphs numbered "1" through "13" with the same force and effect as if more fully set forth at length herein.

18. In the manner as aforesaid, each of the defendants, jointly & severally, acted maliciously, willfully and wantonly, and outside the scope of his

jurisdiction, although under color of law, and violated the following rights of the plaintiff; to be free from unreasonable search & seizure, from warrantless search & seizure, from use of excessive force, assault & battery, summary punishment without trial & due process of law.

19. Defendants, its agents servants and employees, by their conduct herein alleged, intentionally, willfully and without justification, and under color of law did deprive the plaintiff of his rights, privileges and immunities secured to him by the Constitution and the laws of the United States, and by 42 U.S.C. Sections 1983 & 1988 and by the statutes and laws of the state of New York which are invoked under the pendant jurisdiction of this Court.

20. That by reason of the foregoing the plaintiff has suffered damage & injury in the sum of ONE MILLION DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF BRYANT PERALTE

21. Plaintiff repeats, realleges and reiterates each and every allegation of the complaint in the paragraphs numbered "1" through "13" with the same force and effect as if more fully set forth at length herein.

22. The defendant THE CITY OF NEW YORK was careless reckless and negligent in the selection, investigation, hiring, training, supervision and direction of their employees, and in particular, the individually named defendants.

23. That by reason of the foregoing the plaintiff has suffered damage & injury in the sum of ONE MILLION DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF RAMONA GARCIA

24. Plaintiff repeats, realleges and reiterates each and every allegation of the complaint in the paragraphs numbered "1" through "13", with the same force and effect as if more fully set forth at length herein.

25. That the plaintiff did on or about the fourth day of January, 2007, serve upon the defendant THE CITY OF NEW YORK a Notice of Claim which conformed to the requirements of Section 50 (e) of the General Municipal Law.

26. That on or about the 28th day of December, 2006 the plaintiff was present inside her home at 55-15 99th Street, Corona, County of Queens, City & State of New York.

27. That while at the aforesaid time and place the plaintiff was unlawfully and without just cause, approached, accosted, and arrested by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions.

28. That by reason of the foregoing the plaintiff suffered serious and severe physical & psychological injuries some of which, upon information & belief are permanent in nature.

29. That by reason of the foregoing the plaintiff has suffered damage & injury in the sum of ONE MILLION DOLLARS.

AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF RAMONA GARCIA

30. Plaintiff repeats, realleges and reiterates each and every allegation of the complaint in the paragraphs numbered "1" through "13," with the same force and effect as if more fully set forth at length herein.

31. That after the aforementioned accosting and assault of the plaintiff by the defendants, the plaintiff was falsely arrested & imprisoned by the aforementioned officers of the CITY OF NEW YORK, including but not limited to the individually named officers were agents, servants & employees of the defendant THE CITY OF NEW YORK, for a period of approximately three hours.

32. That by reason of the foregoing the plaintiff has suffered damage & injury in the sum of ONE MILLION DOLLARS.

### AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF RAMONA GARCIA

33. Plaintiff repeats, realleges and reiterates each and every allegation of the complaint in the paragraphs numbered "1" through "13", with the same force and effect as if more fully set forth at length herein.

34. In the manner as aforesaid, each of the defendants, jointly & severally, acted maliciously, willfully and wantonly, and outside the scope of his jurisdiction, although under color of law, and violated the following rights of the plaintiff; to be free from unreasonable search & seizure, from warrantless search & seizure, from use of excessive force, assault & battery, summary punishment without trial & due process of law.

35. Defendants, its agents servants and employees, by their conduct herein alleged, intentionally, willfully and without justification, and under color of law did deprive the plaintiff of his rights, privileges and immunities secured to him by the Constitution and the laws of the United States, and by 42 U.S.C. Sections 1983 & 1988 and by the statutes and laws of the state of New York which are invoked under the pendant jurisdiction of this Court.

36. That by reason of the foregoing the plaintiff has suffered damage & injury in the sum of ONE MILLION DOLLARS.

### AS AND FOR AN EIGHTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF RAMONA GARCIA

37. . Plaintiff repeats, realleges and reiterates each and every allegation of the complaint in the paragraphs numbered "1" through "13" with the same force and effect as if more fully set forth at length herein.

38. The defendant THE CITY OF NEW YORK was careless reckless and negligent in the selection, investigation, hiring, training, supervision and direction of their employees, and in particular, the individually named defendants.

39. That by reason of the foregoing the plaintiff has suffered damage & injury in the sum of ONE MILLION DOLLARS.

AS AND FOR A NINTH CAUSE OF ACTION ON
BEHALF OF THE PLAINTIFF RAMONA GARCIA

40. Plaintiff repeats, realleges and reiterates each and every allegation of the complaint in the paragraphs numbered "1" through "24" with the same force and effect as if more fully set forth at length herein.

41. That RAMONA GARCIA is the mother of BRYANT PERALTE & as such is entitled to his society & services.

42. That by reason of the foregoing the plaintiff RAMONA GARCIA was deprived to the society & services of her son BRYANT PERALTE.

43. That by reason of the foregoing RAMONA GARCIA has suffered damage & injury in the sum of ONE HUNDRED THOUSAND DOLLARS.

AS AND FOR A TENTH CAUSE OF ACTION ON
BEHALF OF THE PLAINTIFF RAMONA GARCIA
AND BRYANT PERALTE

44. Plaintiff repeats, realleges and reiterates each and every allegation of the complaint in the paragraphs numbered "1" through "43" with the same force and effect as if more fully set forth at length herein.

45. That the injuries & damages as aforesaid were the result of the customs & practices of the defendant the CITY OF NEW YORK, its agents, servants & employees.

46. That by reason of the foregoing the plaintiffs have suffered damage & injury in the sum of ONE MILLION DOLLARS.

WHEREFORE, the plaintiff respectfully preys to the court for judgment upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall consider to be just and fair:

b. Punitive and exemplary damages in an amount which this Court shall consider to be just & fair;

c. Attorney's fees in an amount which this Court shall consider just & fair;

d. Together with the costs and disbursements of this action and such other and further relief which this Court may seem just & proper.

DATED: BROOKLYN, NY
      June 26, 2007

MICHAEL COLIHAN (MC-0826)
Attorney for the Plaintiff
44 Court Street
Suite 911
Brooklyn, NY 11201
(718) 488-7788

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

BRYANT PERALTE, an infant by his m/n/g RAMONA
GARCIA & RAMONA GARCIA individually,

           Plaintiffs,

      -against-

THE CITY OF NEW YORK, POLICE OFFICERS JOHN
ROE 1-10,
          Defendants.

---------------------------------------------------------------------X

         **ANSWER**

        07 CV 6148 (RJH)


      **Jury Trial Demanded**

Defendant THE CITY OF NEW YORK (the "City" or "defendant"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

    1.  Denies the allegations set forth in paragraph 1 of the complaint, except admits that plaintiffs purport to bring this action as stated therein.

    2.  Denies the allegations set forth in paragraph 2 of the complaint, except admits that plaintiffs purport to base jurisdiction as stated therein.

    3.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the complaint.

    4.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the complaint.

    5.  Admits the allegations set forth in paragraph 5 of the complaint.

    6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the complaint as it pertains to unidentified individuals.

7.    Denies the allegations set forth in paragraph 7 of the complaint, except admits that a document purporting to be a notice of claim by plaintiff Bryant Peralte was received by the City.

8.    Denies the allegations set forth in paragraph 8 of the complaint, except admits that no monies have been paid to plaintiffs and no payments have been made by defendant City.

9.    Denies the allegations set forth in paragraph 9 of the complaint, except admit that this action was commenced against defendant on the date indicated in the Court Clerk's docket.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the complaint.

11.    Denies the allegations set forth in paragraph 11 of the complaint.

12.    Denies the allegations set forth in paragraph 12 of the complaint.

13.    Denies the allegations set forth in paragraph 13 of the complaint.

14.    In response to the allegations set forth in paragraph 14 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 13 inclusive of its answer, as if fully set forth herein.

15.    Denies the allegations set forth in paragraph 15 of the complaint.

16.    Denies the allegations set forth in paragraph 16 of the complaint.

17.    In response to the allegations set forth in paragraph 17 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 16 inclusive of its answer, as if fully set forth herein.

18.    Denies the allegations set forth in paragraph 18 of the complaint.

19.    Denies the allegations set forth in paragraph 19 of the complaint.

20.    Denies the allegations set forth in paragraph 20 of the complaint.

21.    In response to the allegations set forth in paragraph 21 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 20 inclusive of its answer, as if fully set forth herein.

22.    Denies the allegations set forth in paragraph 22 of the complaint.

23.    Denies the allegations set forth in paragraph 23 of the complaint.

24.    In response to the allegations set forth in paragraph 24 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 23 inclusive of its answer, as if fully set forth herein.

25.    Denies the allegations set forth in paragraph 25 of the complaint.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the complaint.

27.    Denies the allegations set forth in paragraph 27 of the complaint.

28.    Denies the allegations set forth in paragraph 28 of the complaint.

29.    Denies the allegations set forth in paragraph 29 of the complaint.

30.    In response to the allegations set forth in paragraph 30 of the complaint, defendant repeat and reallege the responses set forth in paragraphs 1 through 29 inclusive of their answer, as if fully set forth herein.

31.    Denies the allegations set forth in paragraph 31 of the complaint.

32.    Denies the allegations set forth in paragraph 32 of the complaint.

3

33.    In response to the allegations set forth in paragraph 33 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 32 inclusive of its answer, as if fully set forth herein.

34.    Denies the allegations set forth in paragraph 34 of the complaint.

35.    Denies the allegations set forth in paragraph 35 of the complaint.

36.    Denies the allegations set forth in paragraph 36 of the complaint.

37.    In response to the allegations set forth in paragraph 37 of the complaint, defendant repeat and realleat the responses set forth in paragraphs 1 through 33 inclusive of its answer, as if fully set forth herein.

38.    Denies the allegations set forth in paragraph 38 of the complaint.

39.    Denies the allegations set forth in paragraph 39 of the complaint.

40.    In response to the allegations set forth in paragraph 40 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 39 inclusive of its answer, as if fully set forth herein.

41.    Denies the allegations set forth in paragraph 41 of the complaint.

42.    Denies the allegations set forth in paragraph 42 of the complaint.

43.    Denies the allegations set forth in paragraph 43 of the complaint.

44.    In response to the allegations set forth in paragraph 44 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 43 inclusive of its answer, as if fully set forth herein.

45.    Denies the allegations set forth in paragraph 45 of the complaint.

46.    Denies the allegations set forth in paragraph 46 of the complaint.

4

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

47.    The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

48.    The City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

49.    To the extent the complaint alleges any claims against the City arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

50.    Punitive damages are not available against the City of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

51.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct, or from that of others, and was not the proximate result of any act of the defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

52.    There was probable cause for plaintiffs' arrest, prosecution and detention.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

53.    There was probable cause to search and detain plaintiffs.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

54.    Plaintiffs provoked any use of force by resisting arrest and/or failing to obey lawfully issued orders.

5

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

55.    Any force used to arrest plaintiffs was reasonable under the circumstances.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

56.    This action is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

57.    This action is barred in whole or in part by the applicable limitations period.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

58.    Plaintiffs have failed to comply with Section 50 of the Municipal Law.

**WHEREFORE**, defendant THE CITY OF NEW YORK requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      October 22, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendant THE CITY OF NEW
YORK
100 Church Street, Room 3-159
New York, New York 10007
(212) 788-8698

By: _____
     Steve Stavridis

(By ECF)

TO:    Michael Colihan, Esq.
      Attorney for Plaintiffs
      44 Court Street – Suite 911
      Brooklyn, New York 11201
      (718) 488-7788